Janice L. TAYLOR, Appellant–
Plaintiff,

v.

COMMUNITY HOSPITALS OF
INDIANA, INC., Appellee–
Defendant.

No. 49A04–0605–CV–245.

Court of Appeals of Indiana.

Feb. 6, 2007.

Ronald E. Weldy, Indianapolis, IN, Attorney for Appellant.

Richard A. Smikle, Tami A. Earnhart, Paul C. Sweeney, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Janice L. Taylor ("Taylor") appeals from the trial court's order denying her motion for summary judgment and granting summary judgment in favor of Defendant–Appellee Community Hospitals of Indiana, Inc. ("Community Hospital"). We affirm.

Taylor, who was an hourly, at-will employee of Community Hospital, began a medical leave from Community Hospital on May 28, 2002. Taylor remained on medical leave until Community Hospital terminated Taylor's employment on November 26, 2004. On September 24, 2003, while Taylor was still employed by Community Hospital, she was paid for 101.62 paid time off ("PTO") hours worth $2,209.22 by Community Hospital.

Community Hospital's PTO policy provides PTO to employees in amounts determined by years of service and hours worked. Employees of Community Hospital are allowed to use their PTO or request a "cash out" which is given at the discretion of Community Hospital. If an employee is on an unpaid medical leave, the employee can use his or her accrued PTO during the leave. If the employee does not choose to use the PTO during the leave, the PTO will be available for the employee to use upon returning to work. The PTO policy further states that when an employee is on a leave of more than twelve months in duration, the employee will receive a PTO cash out. Community Hospital's Policy on Benefits Eligibility for Employees Taking a Medical Leave of Absence ("Eligibility Policy") also states that an employee's PTO balance is paid out after one year of medical leave. The PTO policy and Eligibility Policy are both silent in terms of a schedule for the payment of the cash out of the PTO balance once the one-year anniversary date of medical leave is reached. The policies state that the employee will receive a pay out after one year of medical leave.

On August 20, 2004, Taylor filed a complaint for damages against Community Hospital alleging, in relevant part, a violation of the Indiana Wage Payment Statute. Ind.Code § 22–2–5–1 *et seq.* On August 15, 2005, Taylor filed a motion for summary judgment with the trial court. On October 13, 2005, Community Hospital filed its opposition to Taylor's motion for summary judgment and filed a cross-motion for summary judgment. On November 14, 2005, Taylor filed her opposition to

Community Hospital's cross-motion for summary judgment. Community Hospital filed a reply brief in support of its motion for summary judgment.

On January 18, 2006, the trial court heard oral arguments on the motions for summary judgment. The trial court denied Taylor's motion for summary judgment and granted Community Hospital's cross-motion for summary judgment on February 15, 2006.

Taylor filed a motion to correct error on March 17, 2006, asking for reconsideration of the order on summary judgment. The trial court denied Taylor's motion to correct error on March 17, 2006.

The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Williams v. Riverside Community Corrections Corp.*, 846 N.E.2d 738, 743 (Ind.Ct.App. 2006). Our standard of review is the same as that of the trial court. Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Id.* The trial court's order granting and/or denying summary judgment is cloaked with a presumption of validity. *Id.* A party appealing from an order granting summary judgment has the burden of persuading the court on appeal that the decision was erroneous. *Id.*

In her motion for summary judgment, Taylor argued that Community Hospital paid her PTO benefits in an untimely fashion in violation of the Indiana Wage Payment Statute. Ind.Code § 22–2–5–1 *et seq.* More specifically, Taylor argued that at the time Community Hospital had paid her PTO benefits, September 24, 2003, she had been on medical leave for sixteen months. She argued that because she was not paid on the one-year anniversary of medical leave, the payment was untimely and in violation of the statute.

In Community Hospital's motion for summary judgment, Community Hospital argued 1) that Taylor's claim for payment of PTO during her employment was not covered by the Wage Payment Statute, 2) that if PTO is covered by the statute during her employment, Taylor failed to make a request for payment, and 3) that Community Hospital's PTO policy does not require immediate payment of accrued but unused PTO when the one-year medical leave anniversary date is reached.

The trial court granted Community Hospital's motion for summary judgment and denied Taylor's motion for summary judgment. Both parties agree that the materials submitted on summary judgment demonstrate the existence of a factual issue regarding whether Taylor made a request for payment of PTO. Therefore, that argument can not be the basis for the trial court's decision to grant summary judgment in favor of Community Hospital.

 The Indiana Wage Payment Statute provides as follows:

(a) Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee. The payment shall be made in lawful money of the United States, by negotiable check, draft, or money order, or by electronic transfer to the financial institution designated by the employee. Any contract in violation of this subsection is void.

(b) Payment shall be made for all wages earned to a date not more than ten (10) days prior to the date of payment. However, this subsection does not prevent payments being made at shorter intervals than specified in this subsection, nor repeal any law providing for payments at shorter intervals. However, if an employee voluntarily leaves employment, either permanently or temporarily, the employer shall not be required to pay the employee an amount due the employee until the next usual and regular day for payment of wages, as established by the employer. If an employee leaves employment voluntarily, and without the employee's whereabouts or address being known to the employer, the employer is not subject to section 2 of this chapter until:

(1) ten (10) days have elapsed after the employee has made a demand for the wages due the employee; or

(2) the employee has furnished the employer with the employee's address where the wages may be sent or forwarded.

In *Wank v. Saint Francis College*, 740 N.E.2d 908, 911 (Ind.Ct.App.2000), a panel of this court discussed the three regulations created by this section. First, an employees' wages must be paid in money. *Id.* Second, if requested, employers must pay employees semi-monthly or bi-weekly. *Id.* Third, employees upon separation from employment, must be paid the amount due them at their next and usual payday, unless their whereabouts are unknown. *Id.* An employer who violates any of these regulations is subject to the penalties of Ind.Code § 22–2–5–2, which provides for liquidated damages, unpaid wages, and attorney fees. *Id.* at 911–912. Taylor seeks damages and attorney fees under this statute.

The Wage Payment Statute does not provide a definition of "wages" as that term is used in the statute. However, case law provides guidance in determining the substance of compensation which has been the subject of controversy.

■ Present compensation refers generally to the hourly or salaried wages of an employee, and it commonly constitutes the consideration underlying the employment contract. *Williams*, 846 N.E.2d at 743–744. The defining characteristic of present compensation, with regard to an employee's hourly or salaried wage, is that it vests upon the performance of labor without any additional requirements. *Id.* at 744. An employee is immediately entitled to a share of his present compensation when labor is performed. *Id.*

■ Deferred compensation, vests upon some requirement in addition to, or apart from, the performance of labor. *Id.* That additional requirement might be the passage of time, the attainment of a certain age by an employee, or some other variable spelled out in a policy or by agreement of the parties. *Id.*

■■ Present compensation indefeasibly vests upon the performance of labor, and can never be forfeited by an employee absent a contractual agreement to the contrary. *Id.* Deferred compensation, however, is subject to forfeiture, unless it arises via contract as opposed to an employer's policy, and the contract lacks any express terms providing for forfeiture. *Id.*

■ Deferred payment of compensation that accrued during an employee's tenure is a wage. *Wank*, 740 N.E.2d at 912. Common forms of deferred compensation include various forms of PTO, pension benefits, retirement savings plans, stock options, healthcare plans, annuities, etc. *Williams*, 846 N.E.2d at 747. Unlike present compensation, which is generally provided for by contract, deferred compen-

sation may be provided for by contract, by policy, or a combination of the two. *Id.*

Case law supports the trial court's conclusion that Taylor's PTO was deferred compensation and, therefore, a wage.

In the present case, Taylor had no contract with Community Hospital regarding her PTO. Therefore, the PTO policy and Eligibility policy govern Taylor's ability to access those benefits. As it pertained to an employee during their employment, the PTO policy states that "[e]mployees on leaves of absences, which reach twelve (12) months, will receive PTO cash out. . . ." Appellant's App. p. 68. The Eligibility policy states that "[a]fter one year, PTO balance is paid out." Appellant's App. p. 73. As previously noted, Community Hospital's policies did not contain a schedule for that pay out once the one-year anniversary date of the leave of absence was attained. However, Community Hospital did follow its policy by issuing a pay out of Taylor's PTO at sixteen months, which was after her one-year anniversary of being on medical leave.

■ Our review of the materials that were before the trial court leads us to the conclusion that Taylor was paid in a timely fashion pursuant to Community Hospital's policies. The benefits, PTO, the compensation for which was deferred, were actually paid while Taylor was still in the employ of Community Hospital. There was no untimely payment of wages in violation of the statute, because Taylor was paid for her PTO prior to her termination. The trial court did not err by granting summary judgment in favor of Community Hospital.

Affirmed.

KIRSCH, C.J., and MAY, J., concur.